The next case for argument is 20-2067, Lynch v. McDonough. Mr. Lippman, you may begin now. Thank you. Thank you, Your Honor. Mark Lippman here on behalf of the appellant, Joe Lynch. We've argued that the opinion in Ortiz v. Principe is fundamentally flawed and should be overturned by this circuit's in-bank court. Ortiz failed to give effect to the operative phrase, proximate balance, overlook the relevant legislative and regulatory histories of former Section 3007B, now 5107B, and Section 3102 of the regulations. And furthermore... Let me interrupt you just because time is short. This is Judge Proust. It would really help... I know this is predominantly all the focus is on the language and the statute and the reg and how it's been interpreted by various judicial opinions. But what would help me understand what's going on here is what are you saying about this case, for example? I mean, this person, I think I got my facts right, two private physicians, two VA physicians who critiqued the private physicians and their conclusions not being supported by the facts they included. Court of Claims looked at that. You challenged the weight, the way the BVA decided to weigh it. And then you also made an argument about how it's luck of the draw. And do you think this could have come out differently if you had another person at the board? So what would happen in this case? What would you apply in this case? I assume you're welcome. What would you say to get over what the fact-finding was at the board here? Okay. Just one thing, Claire. I did not represent the veteran at the veterans court level. He argued pro se. So some of the arguments I would... Okay. Well, all right. Well, okay. But the facts are the facts, or at least the board's fact-finding is the board's fact-finding. So what would you say under the... Okay. I'm sorry. You tell me. Yeah, sure. I would say that the veterans court misinterpreted and misapplied 5107B and 3.102. And as far as saying harmless error, I'm not sure if that's where you're going. No, it's not where I'm going. I'm like, you think that the board, if your view of the how would that be applied in this circumstance? Do you think under the facts here, your client should necessarily get what he was seeking, which is an increased PTSD benefit? I mean, you've got two examiners on one side, two physicians, two on the other, and the two VA physicians, or at least one of them, critiqued and said, here's why you shouldn't rely on the other stuff. Under your view of how Ortiz should have come out, what would the rule be that you're applying to this case and how would it be applied? Okay. The rule I would say is that if there is credible evidence on both sides of the evidentiary scale, then unless the evidence clearly and obviously weighs in favor of the government, the reasonable doubt rule should apply. Okay. If we apply that here, I know you don't do fact-finding and neither do we up here, but applying it here, you had two psychiatrists saying, yes, this is serious, but their notes and the reliance on it, the board concluded, really didn't support what they were saying. And then you had two VA examiners coming out differently. So on that record, you say, no, there's no weighing because it's two to two. The veteran should win, or I'm just seeing how you would apply, what test you would use and how it would be applied in this circumstance. Well, I think I articulated the test. And I do believe that there is credible evidence on both sides of the scale. Now, I think you're referring to the one that attempted to discredit one of our the psychiatrists, the treating psychiatrist's opinion. The psychologist, the VA that did that actually misstated the record. And so I think that would inform- The test is there's credible evidence on both sides, then under the benefit of the doubt, the veteran should win? No. I'm sorry, Your Honor. Did I cut you off? Go ahead, please. I'm sorry. I believe that consistent with the text, and more importantly, with the legislative and regulatory history, the rule should be that if there's credible evidence on both sides, then unless the evidence clearly and obviously weighs in favor of the government, the veteran should win under the reasonable doubt rule. I don't understand how you get that out of the statute. That seems to me a reinterpretation of the statute to make it say something which it doesn't say. I mean, there's been a lot of discussion about this in the cases and in the briefs in this case. But why isn't the simple test, the one that's in the statute itself, that if there's an approximate balance, the veteran wins? And you point out, I think perhaps correctly, that this equipoise notion is not all that the statute is about. It's saying if there's an approximate balance, the veteran wins. So why are we making it so complicated and sort of reinterpreting it and trying to redefine the statute? Why isn't that a sufficient test in and of itself, approximate balance? Well, it is, Your Honor. And I apologize if I articulated it. I was just looking at it from both sides. In other words, yes, approximate balance is the test, the burden of proof for claimants. And that's not equipoise and that's clear from the test. I was just looking at it from the side of the government. I mean, I think it's pretty clear. You said the test is approximate balance and apply that test and stop worrying about the equipoise notion, which has crept into the law. Why isn't that satisfactory to you? It would be satisfactory as long as the court got rid of the preponderance of the evidence standard for the government. That's the problem. Well, what do you mean? I mean, the statute says that preponderance of the evidence that the veteran has the burden of proof, right? On the merits? No. No, the government, no. I mean, if you're talking about burden of persuasion, I mean, just so we can be clear, the veteran has the burden of production under Scozen. Once he meets that burden, then we're going into the merits, the burden of persuasion. And based on the reasonable doubt and the benefit of the doubt rule, all the veteran has to approve on his burden of proof is approximate balance. And I look at it the flip side and saying the government would need... Where does Scozen, you mentioned Scozen, is that what Scozen says, that the only burden the veteran has is to put forth any credible evidence, what did you... What you just said, does that come out as Scozen? No, that comes out of the legislative and regulatory history. And I'd be happy to refer you to the joint appendix if that's relevant. I mean, the way I looked at it is approximate is a somewhat ambiguous term. It definitely means less than even or balanced but just how much less is unclear. And I think... It is unclear. And the more we try to define it, the more trouble we create, it seems to me. And that the standard ought to be approximate balance. The veteran has the burden of establishing his or her claim. And he or she can meet that burden by establishing that the facts are in approximate balance. Why isn't that simple? And that's what it is. And that's what the board and the RO and the Veterans Court ought to be doing. Again, that is acceptable to the appellant with the one caveat that you have to get rid of the... In this analytical framework, you would have to get rid of the preponderance of the evidence language that applies to the government. Otherwise, you're running... Otherwise, it's incoherent. What do you mean incoherent? What do you mean it applies to the... You mean, in other words, they've said that it places the preponderance of evidence burden on the government, which it seems to me is consistent with the statute. That's wrong. Exactly. Exactly. But the vet satisfies the burden by showing approximate balance. That's a simple statement of what the statute says, right? Agreed. Agreed. And that you disapprove the language of preponderance of the evidence for the government. And we would be satisfied. Because I can't tell you how many times in board decisions, just as an afterthought, that the board... I'm sorry, Your Honor, if I could just finish this one statement. That I can't tell you how many times the board says the preponderance of the evidence is against the veteran's claim. Therefore, the reasonable doubt rule is not for application. It's a tired cliche, and it needs to go. I'm sorry, Your Honor. I interrupted you. Well, why doesn't that adequately... I mean, Ortiz clearly struggled and they recognized this isn't a numbers game. I mean, you started off by saying if the veteran puts forth credible evidence and the government puts forth credible evidence. I don't know what that means. I mean, I don't know if the evidence would be equal, somewhat equal, really not equal. I mean, fact finders do weighing of evidence all of the time. The weighing of the evidence is a critical part of their fact finding. So I don't know why you don't need... I mean, it doesn't even... It helps you to say, okay, the government has to make some affirmative showing that's stronger than the veterans in order... That's another way of looking of how you get an approximate balance, because we all agree it's not an equal balance. So that the government has to show something more. In the absence of that, then who knows? I mean, I don't know how you would apply approximate balance. What are you suggesting? Nothing. You said nothing. No, no, no. I said that... I think I believe I said, and if I did, I apologize. What I said was that the appellant would be happy with the approximate balance terminology for defining the veterans of burden of proof. And then I said that we feel strongly that looking at the flip side of the scale, that on the government side, that the preponderance of the evidence standard has to go. Now, you may not want to articulate a standard. Maybe it's confusing. It's more... It does more confusion than clarification. That may well be. But definitely the preponderance of the evidence standard has to go. And as far as just... Robert, you say that. I mean, the notion that the government has the burden to show by preponderant evidence. I mean, I don't know where that came from. It's not in the statute. To me, it makes no sense. I couldn't agree more. And just to add, from an analytical point of view, it just doesn't make sense. Because if you have it where you have something less than equipoise of the evidence, and I don't know how you further define approximate, but it's less, you can't have preponderance of them. You can't have two standards on each side that both can be satisfied at the same time. Once one party satisfies its burden of persuasion, that's it. The other side necessarily cannot satisfy his or hers. That's the only way that this analytical framework can work. So when I said clear and obvious, I thought that was a way to sort of balance it, to make the equivalent or reciprocal to approximate balance. But if the court feels that it's not helpful, that's fine. So again, approximate balance terminology is perfect, because that's the language of the statute and the regulation. And let's get rid of preponderance of the evidence, because it has no factual footing. Again, preponderance of the evidence, I mean, I don't want to quibble over whether or not it's the good terminology and all these standards are very confusing and very difficult. But I understand it to signify that the government has to do something affirmatively more. I don't see how that hurts you to say that it's the government needs to come. If not, the veteran wins. If the government can't come up with something more affirmative than something equal, then the veteran wins. Let me explain. Your Honor, I'm sorry to interrupt. But here's another way to look at this issue. And you may refer to page 26 of Appellant's opening brief, because I think I cite a legion of cases that talk about that equipoise, perfect evidence of the balance, is the reciprocal preponderance of the evidence. And we're talking about approximate balance. We're not talking about equipoise here. Your point is that if you talk about it in terms of placing the burden of proof on the secretary by preponderance, equipoise plus a minuscule amount is sufficient. And that's not the same thing as approximate balance. Well, approximate balance, especially if you invoke the pro-veteran canon for interpreting ambiguous or in certain language in favor of the veteran, that would suggest like a rough estimate rather than, as Ortiz seemed to say, that it means nearly the same thing. So Ortiz has many problems semantically and analytically. So it's like preponderance because you think it only requires a minuscule showing by the Veterans Administration? Is that the problem with preponderance, that you don't think it's enough, that approximate gets tighter? Well, I'm trying to explain. If I could put it this way, that when you look at an evidentiary issue and you're looking at the totality of persuasive evidence, it's a zero-sum model. So you have 100% of the evidence, can't have more than that, can't have less. That's the total universe. So if the government has 70% of the persuasive evidence, then the veteran necessarily has 30%. It's a direct inverse relationship. Well, I mean, you know, Ortiz pointed out, and I don't think you would disagree that, you know, it's hard to place numbers on this. And in an evidentiary setting, it's not like how many pieces of paper, how many doctors on your side, how many doctors on the other side. It's quality and not quantity often. It's the persuasive value of certain people and certain things. It's really hard to put this in a numbers game, is it not? True enough. But the reason I use the numbers game, just to illustrate the point that there are direct reciprocals. True, you can't put a, you know, when we're dealing with language, you can't define it in precise mathematical terms. Okay. But you still have to realize that they're reciprocals. In other words, the reciprocal for equipoise of the evidence, perfect equipoise of the evidence, the reciprocal that on the other side is preponderance of the evidence. They go together. So if we say, well, but here it's something less than equipoise. Well, preponderance is more than equipoise, right? Preponderance is more than equipoise, right? It allows you to avoid the equipoise route, you know, route that you're complaining about, right? No. Jeffress, would it be helpful if I submitted a letter brief? No, I'm not going to ask for that. Why don't we hear from the government? All right. Thank you. Thank you, Your Honor. And may it please the court, we would emphasize that Mr. Lynch's argument here is the same one that this court considered and rejected in Ortiz 20 years ago. Wait a moment. I thought you were agreeing that some clarification of Ortiz would be useful. Mr. Lipman says they would be satisfied by a standard saying the veteran bears the burden of proof, but it's satisfied if the veteran shows that there's an approximate balance of positive and negative evidence. And that would be sufficient to them. Does that satisfy you too? It does, Your Honor. And that is consistent with the statutory language. I think if I understand some of the questioning from the first round of argument here, the issue comes into play of how that gets put into practice, particularly with the standard that the Ortiz court adopted in evaluating this preponderance of the evidence requirement. The equipoise language. The equipoise language is wrong, right? Well, yes, Your Honor. And there's no disagreement there. But as we noted in the brief, the Ortiz opinion did not establish an equipoise standard. And to the extent that Mr. Lynch argued as such in his brief, that is an incorrect reading of the Ortiz court. If you actually review the Ortiz opinion and the language that it uses, it notes that approximate balance just in plain language construction contains two terms, approximate and balance, and notes that the balance portion is where the equipoise standard could come into play. That balance in the court's construction means this equal footing, this equipoise standard, but that the approximate language, the adjective there modifies that. And so the Ortiz court expressly rejected this idea that the benefit of the doubt rule only applies in this equipoise context. So what are we arguing about? If you both agree that the standard ought to be the veteran has the burden, and if in the case of approximate balance, the veteran wins. Why isn't it that simple? Well, Your Honor, as I understand what Mr. Lynch is contending, it's that the... Let me just try to answer my question. You agree with that standard. He agrees with that standard. What are we fighting about? It's clear to me that Mr. Littman, on behalf of his client, has all of us agree that approximate balance is the test, not equipoise, and that we probably should write an opinion that says anyone who's reading Ortiz to require only equipoise is wrong. But perfectly clearly, that's not the problem in all these veterans' cases. The problem in these veterans' cases is that if the secretary can show by preponderance of the evidence that his side is right, then the benefit of the doubt never can go to the veteran. But I think Mr. Littman could not have been more clear. He's telling the panel that he hopes we will recommend to the inbound court that we completely get rid of the preponderance of the evidence as a game winner for the VA. In all these cases, the problem is the fact that if the government can show by preponderance, which means equipoise plus a peppercorn, then the benefit of the doubt rule doesn't apply. And that's wrong, right? I don't know whether that's right or wrong, but we are bound by that, in my judgment, by Ortiz. And I'm asking the government counsel if that's wrong. I thought you were asking me. No. In responding to that, the government should start with where Mr. Littman ended off, he doesn't see any textual footing in the statute or letting the government off when it can show by preponderance on its case. Maybe the government can start with the statute. And I'll do my best to answer Judge Steig's question and to explain that I agree with Mr. Littman. I believe that that is not exactly how the Ortiz court construed the language. And that is where there is perhaps some tension between how Mr. Littman is reading the cases and the government's reading of the cases and, you know, Ortiz and its progeny. You agree that equipoise plus a peppercorn is wrong, right? Yes, Your Honor, we would agree that equipoise plus a mere peppercorn is wrong, but we disagree that that is the standard that Ortiz created. You're taking out of context what I said, the equipoise plus a peppercorn defines what a preponderance of the evidence is. Oh, Your Honor, we would disagree with that, at least in the context of how Ortiz had defined preponderance of the evidence standard. Ortiz didn't put any gloss on what a preponderance of the evidence is. He just said, where the evidence preponderates in favor of the government, then the veteran can't get the benefit of the doubt. That's true. And as we understand the distinction here, though, there is a logical contradiction between evidence that is approximately imbalanced and evidence that preponderates in favor of one party or the other, that under a plain language construction of the statute, which is what Ortiz engaged in, that whatever meaning Congress could have intended under the phrase approximate balance, it's simply illogical to say that a given set of evidence can be both in approximate balance while also preponderating in favor of one party or the other. Those are two distinct legal concepts, and that Congress could not have intended that conceptual overlap with the plain language it chose by offering approximate balance. And in terms of the statutory interpretation, that's further supported by the preceding subsection of 5107A, which still states clearly that the claimant has the responsibility to present and support a claim for benefits of any kind. And so it would be very odd for Congress to have on the first subsection affirmed that the claimant has the responsibility to present and support a claim for benefits. And in the second subsection, create without any sort of clear textual indication that that responsibility in essence is satisfied by a set of evidence where the evidence, the weight of the evidence, and the persuasive value of the evidence weighs against the claim. Those are two distinct legal concepts, conceptual concepts, and that's really the essence of the As Ortiz said, and I think this panel has also understood and grappled with that these are not mathematical concepts. These are qualitative evaluations, particularly in the veteran's benefit context. You're evaluating medical information. You're evaluating credibility of the witnesses. There is not a strict mathematical formula here, and this approximate balance may allow for a certain gray zone where there is evidence in said quite reasonably is that you don't need to make a very fine-grained distinction of the evidence within this approximate balance framework. That would be extremely difficult. It would make the administration of these claims much more difficult. What you can say very clearly is that if the fact finder is persuaded after a review of all the evidence that the evidence weighs in favor clearly by one party or the other by preponderance of the evidence standard, then the evidence by any construction of that term. Therefore, it is a clear, bright-line standard that's easy to adjudicate that sets out the standard for all of the boards, regional offices, and veterans court to apply. Let me just clarify because there are a lot of words being thrown around here. I mean, I was following you. You somehow were saying, did you say you have to show that it clearly persuades or that it persuades? That it persuades, Your Honor, and I apologize if I inserted a word unintentionally there. The standard for the preponderance of the evidence is that the fact finder is persuaded by the weight of the evidence that a fact is more likely to be true than not. Well, that's because you ignore the approximate balance test. Because as Judge Plevenger pointed out, preponderance means equality plus a peppercorn. And that's not what the statute says. So that seems to me to be a very confusing way of stating the proposition that's incorporated in the statute. Well, Your Honor, as we read the Ortiz opinion, it provides some flexibility for the fact finder to make a determination that there is some muddiness in the evidence. Isn't my statement right? That that's not equality. I thought you agreed with it. Equality plus a peppercorn in terms of preponderance on the government is not faithful to the statute. It has to be that the veteran wins in the case of approximate balance. Not just the government a little bit has better evidence than the veteran. And we do not understand though the Ortiz opinion to create that sort of requirement for the fact finding and in the experience of VA and putting the standard into effect. The general practice is that if there is some ambiguity or relative equal weighting of the evidence, that is when the benefit of the doubt rule applies. That in practice, it is incumbent upon the government and disclosing court recognized to shift the burden of persuasion such that the government does have to provide some sort of gap in that evidentiary balance to meet the preponderance of the evidence standard under this statute and to basically preempt the application of the benefit of the doubt rule. Mr. Whistler, Judge Clevenger, so what under 5107A, what burden, what measure of proof does the veteran have to bring forward to win? Preponderance? So, Your Honor, what 5107A says is that the veteran must provide sufficient evidence to establish entitlement to the benefit. And so, it is incumbent upon the veteran to provide all of the evidence necessary for the fact finder to determine that the benefit may be granted. And that in particular... Would that equal a preponderance? No, Your Honor. As reading the two sections in harmony and consistent with the Rortiz opinion, our understanding is that it simply requires a prima facie showing that all of the elements have at least some evidence submitted to support their existence. Then, of course, it is up to VA to consider that evidence as well as to consider any contrary evidence that may be evident in the weighing of the evidence such that if the VA determines that even after the veteran has produced sufficient evidence to establish a prima facie entitlement such that all of the elements are checked off and there's at least some evidence relevant to each of those elements, if nonetheless there is contrary evidence in the record, VA can't simply ignore that. And that's where the preponderance of the evidence on the government can come into play or the benefit of the doubt rule can be applied to say, if there is contrary evidence, does that undercut... Am I correct that part of the law has been applied saying that all this presumption that benefit of doubt will not apply if the evidence preponderates in the government's favor? That element of preponderance has been in the law since the 1930s or even before. Isn't that correct? That is correct. And we did not engage... And that the various refinements of the regulatory benefit of the doubt standard as it's been done in Congress, the statements in the Congress was that they weren't intending to change the basic rule. Yes, that is correct. And we didn't engage at length on the legislative and regulatory history that Mr. Lynch provided in his opening brief because the statutory language has previously been found to be unambiguous. But that is the correct reading that there has been a consistent application of this rule for nearly 100 years, and that there have only been sort of minor tweaks at the margin to ensure administrability continues to be viable. And on that point, as my time is getting low, I do want to make the one point in rebuttal to Mr. Lynch's argument to say that administrability of this standard is still a preeminent concern for the government here, and clearly a concern for Congress as well, reviewing some of the legislative history. If the court were to entertain the standard that Mr. Lynch is proposing here, which would be that the government has some burden or obligation to establish by, as I believe I understood the rule being proposed, some sort of clear and credible evidence that the make the presumption that any veteran who can provide any evidence of any credibility level is entitled to benefits. And then the government would be obligated in every instance to then undertake some sort of more affirmative investigation and evaluation of that evidence in an attempt to disprove that entitlement. And that is not only inconsistent with the overall statutory framework, it's inconsistent with prior precedents which say that VA should be a fair and neutral arbiter in these application processes, that it is not the VA's job to attempt to disprove entitlement to benefits. The VA should be fairly weighing the evidence as an impartial government agency. It would also make for a much more difficult standard of review and application by the fact finder. And while Mr. Lynch... ...may suggest that there is some difficulty in evaluating this preponderance of the evidence standard in light of the approximate balance, that difficulty would only be worse by imposing yet a different clear and credible evidence standard and then requiring the fact finder to make what would be additional sort of evidentiary weighings to try to apply this particular statutory provision that if nothing else... What is your response to, I think Mr. Lipman, and he can correct me if I'm misstating his position, but I think in response to a dialogue he was having with Judge Dyke, said he'd be perfectly happy with nothing other than approximate balance, period. I mean, obviously deleting or taking out of the case law this preponderance thing and just leaving it at approximate balance. Do you have a position on that? Yes, Your Honor. We would not recommend that. While it would certainly be not contrary to the statutory language, and I know we haven't really addressed much of the case law on the stare decisis issues, but I'll simply mention that one of the stare decisis elements is evaluating the workability of the existing doctrine and also comparing it to the workability of the alternative proposed. And that comes from the lighting ballast control case, and there this court did, in fact, examine the proposed alternative and found it to be less workable. And our position is that that's the exact same situation here. While it may be more faithful to the plain text of the statute to simply say the rule is approximate balance, it would not provide a more workable solution because these issues would still come up. The same thing that Ortiz decided that came up a couple years later in the Fagan opinion that this court decided, you would still have these questions of, well, when does the rule apply? So it would not necessarily clarify or help the overall workability of the statutory regime to simply say approximate balance is the test, and that's it, because the fact finder is- Well, I thought you said at the beginning of your argument that you'd be satisfied with that. Well, Your Honor, I want to be clear that there is- The statute says approximate balance. What's the problem with using this statutory language? Your Honor, what we have here is a 20-year body of case law that has developed beginning with Ortiz and then cases from this court as well as on down the line that has said that approximate balance is the statutory standard, that is the clear text, and it is unambiguous, but that when you put that into practice, you still have to weigh essentially what instances of evidence are not in approximate balance. And to go back to the point that Mr. Lippman was raising, there is this idea of reciprocal consideration. So it may be true that you consider what is an approximate balance when determined to apply the benefit of that rule. What do you think the test ought to be? Let's assume we were writing on a clean slate. What do you think the test ought to be? The statute says approximate balance. How do you want to interpret that or clarify that or add to it? What do you want? Your Honor, our position is that there is no better way and no more reasonable way to interpret the statute than the way Ortiz did. And that is simply to say that approximate balance means that there is some relative equality of the evidence that is not amenable to a strict mathematical formula, but that if the evidence weighs in favor of either party by preponderance of the evidence, that by just pure logic and legal definition is not an approximate balance, and therefore, the benefit of the doubt rule does not apply. That is the standard. The latter part seems to be completely inconsistent with the notion that an approximate balance for veterans wins because if all it does is put the burden on the government to show equality plus a peppercorn, that's not consistent with the statute, is it? Well, it is, Your Honor, because the benefit of the doubt rule as it states is to provide the benefit of the doubt to the veteran when there is an approximate balance of positive and negative evidence. Ordinarily, when you have that approximate balance of positive and negative evidence, the veteran would not win because ordinarily, the veteran would have that burden of proof and persuasion. And as this goes in court, recognize what the statute does is remove at least the burden of persuasion from the veteran there. So saying that the benefit of the doubt rule applies when the evidence is in approximate balance essentially puts that burden of persuasion on the government instead of the claimant. And that is the benefit of the doubt, the pro-veteran effect of the statute. And that is what... Can I just ask for clarification? Because this has come up like a dozen times in this. Does this equality plus a peppercorn, does that appear in any of our cases? And are you agreeing that that is the standard equality plus a peppercorn? No, it does not, Your Honor, appear in the cases. And the government does not agree that that is the appropriate standard here, in case I have not made that previously clear. And I would refer specifically to the Ortiz opinion for that as well, because the Ortiz opinion also grappled with this idea of how strict the standard is for propounding to the evidence. And the Ortiz opinion itself disclaimed this notion that it is sort of a mere feather on the balance of the scales or a mere peppercorn, that it does require some more substantial evidence that persuades the fact finder that the particular evidence is more likely than not. And that is at page 1365 of the Ortiz opinion. Anything further, colleagues? Thank you. Thank you, Your Honor. Mr. Whitman, we'll restore some time. Why don't we start with four minutes? We'll see what you need, if you have anything more to add. Thank you, Your Honor. I'd like to pick up where Judge Clevenger was discussing. I think, Judge Clevenger, you were sort of suggesting the codification theory in favor of the government. But I don't think that really has any legs. If we have to determine what the law existed or what the interpretation of the benefit of the doubt and reasonable doubt rules were at the time of the Veterans Judicial Review Act of 1988, which is the touchstone for determining the reasonable doubt rule, if you turn to the Joint Appendix 80, if you would, and I'm looking at the bottom. I'd like to read it because this is the 1980 core congressional enactment. It's called the Public Law 98-542, and I'm looking at Subdivision 213, and it says, it has always been the policy of the Veterans Administration and is the policy of the United States. And then I jump ahead. When after consideration of all evidence and material of record, there is an approximate balance of positive and negative evidence to trigger the... So I don't think that there was some preexisting rule that was different than the approximate balance language at the time of the enactment of the BJRA. I didn't understand Judge Clevenger to say that. He can obviously speak for himself. No, I didn't. All I was trying to say is this is a very interesting situation because the statute follows the regulation by some 70 or 80 years. So you have long, long practice in the agency of granting the benefit of the doubt using the preponderance of the evidence test on the government side as a test for when there could be a benefit of the doubt, for when the evidence could be in approximate balance. That's all I was trying to say. So you start off the story, whoever created this notion of having the benefit of the doubt for the proper, that came well before Congress ever looked at it. And we had a long, long history of the application of that where the agency was using the preponderance of the evidence test viewed through the lens of the case put on by the VA to determine whether you could say there was an approximate balance of the evidence. That's all I'm saying. Okay. I think what I just said is undeniable. Okay. I'm just concerned that, because this issue wasn't raised by the government. I don't think that the- Of course, the reason why it wasn't raised is that what you're asking us to do is to overrule Ortiz. And that's on the authority of this panel. And so most of this discussion on this oral argument belongs in a brief for seeking in-bank re-hearing. It's useful as a precursor for two judges to be able to think about the in-bank consequences of this case. Fair enough, Your Honor. Correct. Fair enough. 100% correct. I think it's also helpful to look at- I think some of the judges were asking where I got the clearly preponderant or credible evidence. And so I think you might- for those that are interested, page 72 of the joint appendix- You know, there's no question about what the words clearly preponderant have been dropped in here. There's also no question that the notion of clear preponderance is a term of art, and that it exists in the law in many areas. If you look at 29 U.S.C. 1401C, you'll see the standard applied for reviewing arbitrator's decisions. If you look in the tax code, if you look at Zahn drugs, the Seventh Circuit case, you'll see the same thing. But no one in this case has bothered to tell us what the difference between clearly preponderant and preponderant is, although an examination of the case law would let us know that. So we've been wandering around the dark sort of throwing darts, if you will, at a target without the information that the parties could have given us if they wanted to have this pre-Inbank discussion in any meaningful route. Well, I apologize, Your Honor, if I should have provided more information. When you're asking us first to get rid of the clearly preponderance test as a wish, but then with a backup, you're saying, oh, you can keep it, but make it clearly preponderant or preponderance plus or whatever. I would have thought you had an obligation to help us know exactly what you were talking about. And I would think the government should have engaged as well. Fair enough, Your Honor. And I apologize if I missed that. Honestly, for my research, I couldn't find any definition. The only definitions that I could find were on clear and convincing, and I think the standard's lower than that, clear and convincing. You look at 29 U.S. Code 1401C and then shepherdize the thousands of cases that have dealt with labor arbitrators who have had their decisions upset by a showing of clear preponderance of the evidence. I'm sorry, Your Honor, I didn't get the 29 U.S.C. 29 U.S.C. 1401 subsection C, as in Charlie. My apologies, Your Honor. Did you have any concluding remarks, Mr. Lippman? The only concluding remark I would say is that approximate balance would be acceptable appellant and to get rid of the preponderance of the evidence standard on the government side. Thank you very much. Thank you both very much. I appreciate it. The case is submitted.